# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kaluba N., | Case No. 20-cv-1856 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Immigration and Customs Enforcement (ICE), and Department of Homeland Security (DHS), | |
| Respondents. | |

This matter is before the Court on Kaluba N.'s ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) ("Petition"). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. In their response, Respondents request that the Court dismiss Petitioner's petition because the principal issue raised by the Petition—the legality of Petitioner's continued detention—is rendered moot by Petitioner's removal from the country. (Dkt. 6.) For the reasons stated below, the Court recommends that the Petition be denied as moot.

## I.   BACKGROUND AND ANALYSIS

On August 11, 2019, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner, and on January 31, 2020, an Immigration Judge ordered Petitioner removed from the United States to Zambia. (Dkt. 1 ¶¶ 2-3.) Petitioner waived his right

to appeal that decision to the Board of Immigration Appeals in order to expedite his

removal.  (*Id.* ¶ 4.)

On August 26, 2020, Petitioner filed a Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241, arguing that his continued detention pending removal violates

unspecified constitutional rights.  (*Id.* ¶ 7.)  Petitioner sought release pending his removal

to Zambia.  (*Id.* ¶¶ 7-8.)

Respondents filed a response and declaration on October 1, 2020, confirming that

Petitioner was removed from the United States on September 11, 2020 and requesting the

Petition be denied as moot and dismissed with prejudice.  (Dkts. 6-7.)  Respondents

provided proof of Petitioner's September 11, 2020 removal to Zambia.  (Dkt. 7 ¶ 4; Dkt.

7-1.)

"Article III of the United States Constitution limits the jurisdiction of the federal

courts to actual, ongoing cases and controversies."  *Ali v. Cangemi*, 419 F.3d 722, 723

(8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing

U.S. Const. art. III, § 2, cl. 1).  "[A]n actual [case or] controversy must exist not only at

the time the complaint is filed, but through all stages of the litigation."  *Already, LLC v.

Nike, Inc*., 568 U.S. 85, 91 (2013) (citations and internal quotation marks omitted).

"When, during the course of litigation, the issues presented in a case 'lose their life

because of the passage of time or a change in circumstances . . . and a federal court can

no longer grant effective relief,' the case is considered moot."  *Id.* (quoting *Haden*, 212

F.3d at 469).  When a case becomes moot, a federal court cannot "address the merits

because any opinion [the court] would issue would be merely advisory."  *In re Search*

*Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*

("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d

at 469).

In this case, the case became moot when Petitioner was removed from the United

States to Zambia because the Court "can no longer grant effective relief" since he is no

longer in custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address

the merits of this case because any such opinion would be merely advisory. *See In re*

*Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the

following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary
> injury; (2) the issue is deemed a wrong capable of repetition yet evading
> review; (3) the defendant voluntarily ceases an allegedly illegal practice but
> is free to resume it at any time; or (4) it is a properly certified class action
> suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn.

July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R.*

*adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. "[T]he collateral-injuries

exception does not apply when such injuries are a result of the final Order of Removal,

and not the prolonged detention itself." *Ahmed*, 2017 WL 326778, at *2 (citation

omitted). This is because any continuing injury would follow from Petitioner's order of

removal to Zambia, rather than Petitioner's allegedly prolonged detention. *See Chuol v.*

3

*Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at \*2 (D. Minn. Feb. 27, 2018) (citations omitted), *R.&R. adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018).

Next, the exception for wrongs capable of repetition yet evading review only applies in exceptional situations where "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Ahmed*, 2017 WL 3267738, at \*3 (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Here, Petitioner has been removed from the country, and there is no evidence justifying an expectation of him returning to ICE detention. The third exception, for voluntary cessation, arises in cases in which "the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at \*2 (D. Minn. July 6, 2016) (citing *Already, LLC*, 568 U.S. at 91). Assuming that ICE did detain Petitioner again in the future, that detention would last a different length of time, be based on different facts and legal authority, and, therefore, be allegedly unlawful for different reasons than the detention challenged here. *See Kargbo*, 2016 WL 3676162, at \*2. Finally, the fourth exception does not apply because this is not a class-action suit. *See Ahmed*, 2017 WL 3267738, at \*3. Thus, none of the exceptions to the mootness doctrine applies, and the mootness of Petitioner's case results in a lack of subject-matter jurisdiction over his habeas petition.

## II.    RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1.  The Petition for Writ of Habeas Corpus (Dkt. 1.) be **DENIED** as moot; and

2. The action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-

matter jurisdiction.

DATED: November 12, 2020              *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).